Reese, J.,
delivered the opinion of the court.
This is the same case which was before this court in-1834, and which is reported in 6 Yerg. Rep. 261. The question then before the court was, whether the probate of a deed *38 from Philip Sbackler to John Young, was such as the law . . , ,, . 7 , , ihat probate was as ioJiows, “At a court held por -^?-j]son county, the 22nd day of December, 1800, this indenture was proved by the oath of Jacob Young, a witness thereto, and ordered to be registered.” Test. J. C. Henderson, clerk. The certificate of registration was in these words, “State of Tennessee, Wilson county,- Register’s office, March ; 1301. The within deed is duly registered in book A, page 91, John Allcorn, R. W. C.”
The court, in determining the above, not to be a good probate, say, “this probate will apply to one deed as well as to another, to which Young had subscribed himself as a witness. The grantor or grantee, or quantity of land conveyed is not shown.” We are to suppose that the same entry that is made upon the deed, appears in the minutes. In the above probate the identifying terms, “this indenture,” and “witness hereto,” were indorsed upon the deed, and the court must have proceeded upon the ground, that the clerk at the time the deed • was made, nor at any time, was not by legal requirement or official duty bound to indorse the probate upon the deed, and the terms, “this indenture,” and “witness thereto,” if placed upon the minutes of the court, without grantor, grantee, or quantity of ihe land being named, would not only be vague and uncertain, but, indeed, absurd. The court, however, in that case observes, “This court takes occasion to say, that on the subject of probates hitherto held insufficient to admit deeds to registration, they will go no further in rejecting them, than has been ruled in times past,” “not,” they add, “as doubting the authority of those cases, but because they believe them to have reached the utmost limit.”
The question before this court, upon the admission of this same deed, arises, not only upon the probate indorsed upon the deed when heretofore before the court, but upon the following record of probate, “At a court continued and held for Wilson county, at the house of Captain John Hanpole, the 23rd day of December, 1800.
“Be it known, that the following entry appears upon the minutes of the court at this term, to wit: A deed from Philip Shackler to John Young, for six hundred and forty acres *39 of land was proved by the oath of Jacob Young, and 0. ltd.
“State of Tennessee, ) “Wilson County. )
“I, Josiah S. M’Clain, clerk of the county court of said Wilson county, hereby certify that the foregoing certificate of the probate of a deed from Philip Sfcackler to John Young, For six hundred and forty acres of land, in Wilson county, is a true copy from the records in my office. Witness my hand at office, this 27th day of October, 1834.
«J. S. M’Clain.”
Upon this record of probate, the deed was admitted to be read to the jury at the last trial in the circuit court. This probate shows a grantor, a grantee, and the quantity of land conveyed; and it shows that the deed was proved by the oath of Jacob Young. It appears, from the deed itself, that Jacob Young was a subscribing witness, but the probate does not state so in terms, and for this omission it is objected to as insufficient. The court in this case, at the last term having said, that not impeaching preceding cases on this subject, thej yet regarded them as having reached the utmost limit, the present becomes a fit occasion to review those cases, in order to discover if the present objection falls within the limit which they have reached, and for the further purpose of discovering the pervading principle by which they are governed.
The first of these cases is that of Cox v. Bowman’s lessee, determined in 1825, (2 Yerg. Rep. 108.) Probates upon two several deeds are set forth, the first deed was indorsed thus: “State of Tennessee, Washington county, ata court held for the county of Washington, on the first Monday of November, 1799, the within deed of conveyance from Bradley Gamble to Michael Massingale, was proven in court by the oath of-Stoner: given under my hand at office, this 27th day of November, 1819. James Sevier, clerk.” Upon this probate the court remark?, “the clerk should have given a copy from the minute book, verbatim, and not a history of what had taken place. Had such an exact copy been given, the court should have presumed, after *40 such a length of time, at least till the contrary was shown, "that Stoner was a subscribing witness.” The other probate in the case is: February session, 1802, “This deed was legally admitted to record.” The court remarked upon this, “It is not saidfin what county, nor upon what grounds, whether because1 proved by witnesses, or acknowledged by the bargainor, or for what other cause.” It is obvious, in both these instances, that the principle upon which the court proceeded, is not that the jurisdiction, in cases of probate, is special and limited, and the proceeding ex parte, and that, therefore, the authority must be strictly pursued, but it is upon the common and obvious principle of universal application to the office and duty of a clerk, that the court and record must speak, and not the clerk himself; he must not announce historically, the result or legal effect of the proceeding, but by a copy or extract from the record, show the proceeding itself. So far from the principles first alluded to, being maintained by this case, the contrary is asserted.
The next case, decided in 1828, was that of Brown's lessee vs. Borem and others, reported in 2 Yerg. Rep. 238. There were three probates upon three several deeds, brought in question in this case; the first one thus; “Washington county, August sessions, I799;- this deed was duly admitted to record; let it be registered.” The second, thus. “May sessions, 1802; this deed recorded, let it be registered-.”’ The third, thus: “Washington county, January sessions, 1820: this deed was duly proven in open court: let it be registered. These probates, upon the principle before stated, were all properly held to be insufficient.
The next case is that of Lipe vs. Mitchell’s lessee, decided in 1830, (2 Yerg. 400.) The probate in that case was in these words, “State of Tennessee, Hawkins county, May sessions, 1823, then this deed of conveyance was acknowledged in open court, and ordered to be registered. This was held a bad probate, and it will be obvious it must so have been held, upon the principle of the former decisions.
It is true, that one of the judges introduces the discussion of other principles, not before alluded to in our courts in such cases, and not necessary to the maintenance of this *41 decision; for this case does not differ from the others before commented on. It does not establish, as some of the fession have imagined, that if the record (-we do not mean the clerk) states that a deed from A. B„ to C» D., for six hundred and forty acres of land, was acknowledged, &c., and omit to repeat the name of the bargainor, such probate would be bad; far from it,- it only establishes that the words, * ‘this deed of conveyance was- acknowledged in open court, &c.,” which, if they had been upon the minutes or record, might have been copied upon a thousand deeds, do not constitute a valid probate. This is the ground upon which Judge Peck places it. “On the first point, all are of opinion, that the certificate of acknowledgment is defective; the transaction is on the back of the deed, given historically, and does not show who acknowledged the same. The minutes of the court should describe the deed, and specify the person acknowledging or proving, and a certified copy from the minutes should be indorsed and attested by the clerk.” Another member of the court (Judge Whyte) does, indeed, say, “My opinion is, that the certificate is insufficient for this reason, because the matter and facts constituting the probate, are not set forth in the record of probate, so that it may appear thereby, that the case made out was pursuant to the act of the assembly, authorizing and giving the court jurisdiction, which jurisdiction being a special one, must therefore appear on the face of the proceeding itself. It must show that such proceeding was properly within it, and duly exercised by it.” Entertaining much respect for the opinion of this able and enlightened judge, we think that the reason given in the conclusion of these remarks above noted, is not called for by the character of the case before -him, and is sustained, neither, we think, by the authority of the cases we have passed in review, nor indeed upon principle. Neither in that case, nor in the others preceding it, had there been before the court any record of probate, certified in the ordinary way, in which any clerk of a court, with jurisdiction however general, or however favored, would have been required to have certified. In every instance, it was distrust of the clerk, in making an historical statement, or giving his opinion *42 of the legal effect of what had been done; not distrust, on the ground of the jurisdiction being limited, or special, or the proceeding being ex parte, which led to the rejection of these probates. We doubt whether the manner, objects and effect of the probate of deeds, be such, as to subject it to the application of the principles referred to in cases of special and limited jurisdiction, and ex parte proceedings. The registration and probate laws are founded upon large grounds of public policy; their object is, on the one hand, to give the community notice of the changes in the ownership of real property, &c., and on the other, to preserve and perpetuate the muniments themselves, of titles, and the evidence of their creation.
In 1831, occurred the decision in the case of Malone's lessee, vs. Stevens. 2 Yerg. 520. The certificate of probate of the deed in that case, upon which the question was raised was as follows: “State of N. Carolina, Washington county, February term, 1789, then was the within deed acknowledged in open court, let it be registered.” The objection to this deed was the same as in the last case, which it greatly resembles. The court in that case said, “If we were to adjudge this probate sufficient, it might be indorsed upon every deed, bearing date before the 12th of Febreary, 1790, and authorize its registry.”
In 1832, was determined the case of Jone's lessee vs. Shields, (3 Yerg. Rep. 407.) The probate in that case indorsed upon the deed, was in these words: “State of Tennessee, Green county, January session, 1809; Tuesday, 27th, then was the execution of the within conveyance duly acknowledged in open court, by Seymore Catching, the grantor therein named, and admitted to record, let it be registered. Test. Vc. C. Sevier, clerk;” Contrary to what would be inferred, we think, from all the preceding cases, the above probate w.as not rejected; there was n6 certificate copy of the record, no grantee, no quantity of land mentioned, and this probate might have been indorsed upon every deed of Seymour Catching, of prior date. The court in this case say, “It is true, the name of the grantee Shields, is not stated in this probate, or the quantity of land the deed *43 contained,” but, added the court, “the probate having been indorsed upon the deed, we think, supplies these especially when the deed has been proved and registered more than twenty years before the trial, when it was offered in evidence,” &c„ The reason here given for supplying defects, to wit: “the probate having been endorsed upon the deedis inconsistent with the authority of all the preceding cases. The probate, such as it was, in all those cases, was endorsed on the deed; the demonstrative term, “this deed,” “the within deed,” &c. would have, in like manner, identified those deeds, and then the instrument itself would be sufficiently descriptive of parties and property. It is obvious, however, that this point in the case of Jones' lesse vs. Shields, was but incidentally considered. The case shows that the main attention of the court was bestowed upon other points more pressed and at large discussed.
The case next in order is the case in 6 Yerg. Rep. 361, being the present cause, when first before this court.
In 6 Peter’s Rep. is reported the case of Ross vs. M'Clung, which went up to the supreme court of the United States, from the district of East Tennessee. This case, determined in 1833, upon the authority of the case of Cox vs. Bowman's lesse, arose in that court upon the rejection of the following probate in the circuit court; “This deed was proven in open court, and ordered to be recorded. Richard Mitchell, clerk.” This probate was clearly bad, because it is the clerk, and not the record which speaks; the clerk does not show by the record, but by his own proper assertion, what was done; he does not state how done, but the legal effect, or his own legal conclusions, and, therefore, this case turns upon the same ground with those in our own courts. The court, indeed, say, among other things proper enough, when speaking of the act of 1815, “the court in the probate of deeds has a special limited jurisdiction, and the record should state facts which show its jurisdiction in the particular case.” As to the proper application of this principle to the present subject, we have already expressed our impressions; we feel certain the principle was not necessary to the decision of the case adverted to.
*44 • 'The result of all the cases is, that to make a good probate -there must be, not a mere historical, but a record statement, showing the character of the deed, by naming the parties, and giving some general description of the property, and showing the execution of the deed, in one instance by the acknowledgment of the bargainor, in another, by the proof of witnesses. If this be. done in the record, substantially, we believe the probate will be good. We seek not, however, to give a definition in discussions of this sort; the attempt is frequently alike unsafe and impracticable.
We think it results from the view which we have taken of all the cases, that the certified record of probate, now before the court, is such as to make the deed good evidence before the jury, and that it was properly received. To intend that one Jacob Young witnessed the deed, and that another Jacob Young came into court and proved it, would be going beyond the utmost limit of the cases upon this subject, and would be making an effort to exclude the probate. The grantor, the grantee, the quantity of land, the witnesses proving are all substantially stated in the record. The court are of opinion, that the words, “let it be registered,” or “ordered to be registered,” usual in probates, having been omitted in this case, makes no difference; the registration is not legalized by the order, but by the probate itself. It may be, too, that the innitials, “O. Rd. ” may mean ordered to be registered, but that we think immaterial. As to the charge of the court, on the subject of re-marking, we think it quite within the authority of the cases, heretofore decided.
As to the several subordinate questions which have been somewhat touched upon, relating to notices, commissions, &c. we are unable to perceive that any error has intervened. Let the judgment be affirmed.
Judgment affirmed.